## Abstract of the Decision.

ASSUMPSIT, ACTION OF, § 71*—*when recovery for partial performance of work not sustained by the evidence.* In an action to recover for work and material furnished in constructing a machine for defendant, at his request, without any agreement as to the price or terms of payment, it appeared that defendant paid plaintiff a certain sum on account and later upon plaintiff's application for a further payment the defendant refused to make the same, except on condition that plaintiff would complete and deliver the machine by a certain date at a total cost of not exceeding a certain amount, which terms the plaintiff refused to accept and he abandoned the work, *held* that the conditions imposed were impossible of performance, and that plaintiff was justified in abandoning the work and was entitled to recover upon a *quantum meruit* for the reasonable value of the material furnished and of the services performed, but that a judgment in favor of plaintiff could not be sustained for the reason that there was no evidence offered by plaintiff tending to show that the charge made by plaintiff for his labor and services was the reasonable and customary charge.

---

## John H. McNally, Plaintiff in Error, v. Lulu Regan et al., Defendants in Error.

### Gen. No. 18,516. (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed March 11, 1914.

## Statement of the Case.

Bill by John H. McNally against Lulu Regan, Christopher Strassheim, former sheriff of Cook county and Michael Zimmer, present sheriff of said county, praying for relief against a judgment at law against complainant, and that the two defendants last named be restrained from executing a writ of *capias ad satis-*

*See Illinois Note Digest, Vols. XI to XV, same topic and section number.

*faciendum* issued on said judgment.   From a decree dismissing his bill, complainant brings error.

WILLIAM H. SEXTON and MICHAEL F. SULLIVAN, for plaintiff in error; CHARLES J. TRAINOR, of counsel.

JOHN STELK, for defendants in error Christopher Strassheim and Michael Zimmer.

MR. JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

JUDGMENT, § 328*—*when perjured testimony ground for new trial in equity.*   Where in an action for trespass against a police officer in making an arrest, plaintiff alleged and testified that she was seriously injured and that prior to such arrest she had never been injured and had been in perfect health, on the strength of which she recovered a judgment for one thousand five hundred, a bill in equity for a new trial will be sustained on proof that plaintiff's testimony was perjured, and that several years previously, in an action against another, she had testified to identical injuries as the result of a street car accident, due diligence on complainant's part being shown.

----

### John Rehm, Defendant in Error, v. Clarence S. Viall, Plaintiff in Error.

### Gen. No. 18,555.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1912.   Affirmed.   Opinion filed March 11, 1914.

### Statement of the Case.

Action in replevin by John Rehm against Clarence S. Viall to recover possession of an automobile under a chattel mortgage given by one William O. Foster to

*See **Illinois Notes Digest**, Vols. XI to XV, same topic and section number.